IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| URVASHI BHAGAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-1515 |
| | ) |
| UNITED STATES PATENT AND | ) |
| TRADEMARK OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). The Court also considers Defendants' Motion to Strike Plaintiff's Jury Demand pursuant to Rule 39(a)(2).

In 2013, Plaintiff filed a patent application with the U.S. Patent and Trademark Office ("USPTO"). This application contained claims for nutritional formulations comprising omega-6 fatty acids and antioxidants. The USPTO examiner who reviewed Plaintiff's application withdrew claim 112 for lack of "unity of invention." The USPTO rejected Plaintiff's other pending claims for lack of written description, indefiniteness, improper dependency, and/or obviousness. Plaintiff appealed the USPTO's rejections to the Patent Trial and Appeal Board, which affirmed all rejections except

for the lack of written description. Plaintiff then filed the present case in this Court appealing the Board's decision. She amended the Complaint on April 19, 2021.

Defendants filed the present Motion to Dismiss on May 3, 2021. The Motion seeks dismissal of all Plaintiff's causes of action unrelated to the patentability of Plaintiff's application claims. Defendants identify several causes of action unrelated to Plaintiff's patent claims, including a takings claim under the Fifth Amendment, a general claim for damages due to the USPTO's allegedly bad faith delay of Plaintiff's patent issuance, a claim of tortious harassment, and a mandamus compelling the USPTO to issue Plaintiff's requested patent claims. Plaintiff demands a jury trial on all issues triable by a jury. Defendants filed a Motion to Strike such demand on May 3, 2021.

A district court must dismiss an action if the court has no subject matter jurisdiction over the claim. See Fed. R. Civ. P. 12(b)(1). The Court finds it lacks jurisdiction over the Amended Complaint's Fifth Amendment takings claim, general claim for money damages, and harassment claim.

Generally, agencies of the United States are shielded from liability under the doctrine of sovereign immunity unless Congress expressly waives such immunity. Congress has not waived its sovereign immunity for money damages in actions brought pursuant

2

to 35 U.S.C. § 145. Any claims for money damages brought under this statute are dismissed for lack of subject matter jurisdiction.

The Tucker Act waives sovereign immunity with respect to non-tort monetary damage claims, such as violations of the Takings Clause of the Fifth Amendment, against the United States. But "a claim for just compensation under the takings clause must be brought to the Court of Federal Claims in the first instance." E. Enters. v. Apfel, 524 U.S. 498, 520 (1998). The U.S. Court of Federal Claims has exclusive jurisdiction over any such claims alleging damages greater than $10,000. See id.

In the present action, Plaintiff claims $500,000,000 in damages against the United States. Thus, the Court of Federal Claims has exclusive jurisdiction over this claim. Plaintiff's Fifth Amendment takings claim is dismissed for lack of subject matter jurisdiction.

Like the Tucker Act, the Federal Tort Claims Act ("FTCA") waives the Government's sovereign immunity for any "injury or loss caused by the negligent or wrongful act of a Government employee acting within the scope of his or her employment." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). This waiver includes actions for tortious harassment, so long as they are otherwise proper before the Court. But for an FTCA claim to be properly before the Court, a plaintiff must first present an administrative

3

claim to the agency allegedly responsible for the plaintiff's injury. See 28 U.S.C. § 2675(a).

In this case, the relevant agency would be the USPTO because the Amended Complaint alleges the USPTO is responsible for harassing Plaintiff. But the Amended Complaint does not indicate that Plaintiff first filed a claim with the USPTO regarding said harassment. Without first filing this claim with the USPTO, this Court has no authority to review the harassment claim. It is dismissed for lack of subject matter jurisdiction.

A complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "a *plausible* claim for relief," instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original).

Although a court considering a motion to dismiss must accept all well-pleaded factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the

4

elements of a cause of action, supported by mere conclusory statements" suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Courts are instructed to construe *pro se* pleadings liberally. "[W]hen reviewing a *pro se* complaint, a court must carefully examine the plaintiff's allegations, no matter how inartfully pleaded to determine whether they could provide a basis for relief." Johnson v. Lyddane, 368 F. Supp. 2d 529, 531 (E.D. Va. 2005) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977)).

The Amended Complaint includes no facts supporting the conclusion that the USPTO violated Plaintiff's constitutional rights, that the USPTO made false statements, and that Plaintiff is plausibly entitled to mandamus relief.

To establish she is eligible for mandamus relief, a plaintiff must plead (1) she has a clear right to the relief requested and (2) no other relief is available. See Heckler v. Ringer, 466 U.S. 603, 616 (1984). The Amended Complaint does not plausibly allege either. Plaintiff has not established that the USPTO owes her a clear duty to issue her a patent. And there is at least one other form of relief, i.e., 35 U.S.C. § 145, which Plaintiff has also asserted in her Amended Complaint. Plaintiff's petition for mandamus is thus dismissed for failure to state a claim.

The Amended Complaint also fails to allege plausible misconduct or false statements by the USPTO. Though Plaintiff

5

alleges the USPTO erred in the adjudication in her patent application, she provides no factual support for the allegation that the USPTO made false statements or acted with misconduct. The conclusion that the USPTO acted with "misconduct" is insufficient without providing any factual support of alleged misconduct. And the conclusion that "the Chief Judge also made false statements" is insufficient without any plausible explanation as to what statements were objectively false. These claims must be dismissed for failure to state a claim.

The Amended Complaint similarly alleges the USPTO violated Plaintiff's constitutional rights, but Plaintiff fails to set forth what action the USPTO took that violated her rights, or even which constitutional right was violated. This cause of action also must be dismissed for failure to state a claim.

Finally, Defendants ask the Court to strike Plaintiff's request for a jury trial. "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." Lehman v. Nakshian, 453 U.S. 156, 160 (1981). When Congress waives its sovereign immunity—as it has done with respect to patent appeals pursuant to 35 U.S.C. § 145—a plaintiff has a right to a jury trial only when Congress "unequivocally expresse[s]" such right in the authorizing statute. Id. Here, 35 U.S.C. § 145 provides no such unequivocal waiver.

6

Thus, Plaintiff has no right to a jury trial on her sole remaining claim.

For the foregoing reasons, all causes of action in the Amended Complaint—except that which was brought pursuant to 35 U.S.C. § 145—must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Plaintiff's request for a jury trial is struck. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 22, 2021